IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,862-01






EX PARTE MICHAEL BRANDON MOORE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. A-11,588-A IN THE 173RD DISTRICT COURT


FROM HENDERSON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession with
intent to deliver a controlled substance and was sentenced to ten years' imprisonment. 

 Applicant contends that he was denied due process in the parole revocation proceedings,
because he was not afforded the right to present witnesses on his behalf. See Morrissey v. Brewer,
408 U.S. 471, 489 (U.S. 1972). Applicant alleges that he was sent to SAFP in lieu of revocation,
and that he was therefore unable to reopen the parole revocation hearing.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit
addressing the issue of whether Applicant was provided due process in the parole revocation
proceedings. The affidavit shall state whether or not Applicant was notified of his rights in the
revocation proceedings, and whether he waived his right to a preliminary hearing or final revocation
hearing. The affidavit shall state whether or not Applicant was provided with the opportunity to
present witnesses on his behalf. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with any documents relevant to
Applicant's parole revocation, including any written notices or waivers signed by Applicant, and the
report from any revocation hearing, if such a hearing was held. The trial court shall then make
findings of fact and conclusions of law as to whether Applicant was afforded due process in the
parole revocation proceeding. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.

 

Filed: August 21, 2013

Do not publish